

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1198-13

### AGHAEGBUNA ODELUGO, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**KELLER, P.J., filed a concurring opinion.**

It looks bad when defense counsel asserts his Fifth Amendment right against self-incrimination when asked about how he handled his client's money. That does not mean counsel had a conflict of interest with his client. It is possible that counsel and his client were acting jointly to dispose of the money in an improper manner. It is also possible that counsel is innocent of wrongdoing and is exercising his Fifth Amendment right to avoid being wrongfully prosecuted, or simply to avoid being harassed. The record in the present case does not tell us what happened, and absent some evidence of a conflict of interest, we cannot find that a conflict existed.

But there is a method by which information about counsel's activities could be obtained. In

a future habeas proceeding, an evidentiary hearing could be held, and the State could grant defense counsel immunity, which would override any asserted Fifth Amendment privilege.[1]  If the State is not interested in initiating a criminal investigation of counsel, then it ought to grant counsel immunity, so that counsel can be required to testify.  If immunity is granted, counsel's statements could not be used against him in any future criminal proceedings, but his statements could still be used in a future civil lawsuit or in disciplinary proceedings by the State Bar.[2]

On the other hand, if the State is contemplating initiating a criminal prosecution against counsel, then it likely has other means of ascertaining what happened to the funds, and it can turn over any evidence of potential exculpatory value to appellant or his new counsel if such evidence is discovered.

With these comments, I join the Court's opinion.

Filed: September 17, 2014
Publish

---

[1] *United States v. Calandra*, 414 U.S. 338, 346 (1974); *Dansby v. State*, 398 S.W.3d 233, 239-40 (Tex. Crim. App. 2013).

[2] *See Allen v. Illinois*, 478 U.S. 364 (1986) (privilege against self-incrimination does not apply when the information sought would be used only in a non-criminal proceeding); *In re Daley*, 549 F.2d 469, 476-77 (7th Cir. 1977) ("the Fifth Amendment privilege against self-incrimination does not proscribe the introduction in state bar disciplinary proceedings of testimony compelled under a grant of immunity").